

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2004

# USA v. Bentley

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1935

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bentley" (2004). *2004 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1935
_____

UNITED STATES OF AMERICA

v.

TYRONE BENTLEY,
a/k/a TYRONE HARRIS

Tyrone Bentley,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cr-00445)
District Judge:  The Honorable Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a)
May 28, 2004

Before:  SCIRICA, Chief Judge, FISHER and ALARCÓN,[*] Circuit Judges.

(Filed June 2, 2004)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

FISHER, Circuit Judge.

Tyrone Bentley claims, for the first time on this appeal, that he should not have received a two-level upward adjustment in his offense level pursuant to U.S.S.G. § 3C1.2. The standard of review is plain error. Fed. R. Crim. P. 52(b); *United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000).

The government concedes that the sentencing enhancement pursuant to U.S.S.G. § 3C1.2 should not have been applied in this case, as the defendant was fleeing from armored car employees, not law enforcement officials.

The government agrees that the erroneous application of § 3C1.2 warrants a remand to permit resentencing. We will therefore vacate the judgment of sentence in this case and remand the matter for resentencing.

_____